BOARD OF COUNTY COM'RS OF TULSA COUNTY
v. KINKEADE.

No. 32454. Dec. 17, 1946.

Rehearing Denied June 11, 1947.

*181 P. 2d 248.*

Conn Linn, of Tulsa, for plaintiff in error.

C. E. Allen and John R. Woodard, both of Tulsa, for defendant in error.

BAYLESS, J. The drainage district commissioners of Tulsa county drainage district No. 12 appeal from a judgment of the district court of Tulsa county awarding M. T. Kinkeade damages against the district alleged to have been suffered through the construction of a drainage ditch over real estate of which Kinkeade was in possession as lessee.

Among the assignments of error made and argued by the district is one that challenges the correctness of the trial court's ruling in withdrawing from consideration of the jury the issue of estoppel and the trial court's ruling in instructing the jury that Kinkeade had not been compensated for the invasion of his property rights and that the sole issue presented to them was the amount of damage.

When representatives of the drainage district contacted Kinkeade in the belief that he was the owner of the property for the purpose of settling with him for the prospective damages to be done by reason of the invasion of his property, Kinkeade informed them that he was only the lessee and gave them the names and addresses of the owners and the name of the owner's agent in Tulsa. Thereafter, when the owners came to Tulsa and discussed with the officials of the district the matter of compensation for the property to be taken, an agreement was reached between them on this point conditioned upon the owners making satisfactory adjustment with the lessee, Kinkeade regarding his rights. To this point there is no dispute in the evidence, but what happened thereafter is in dispute between the parties. The testimony of the district tended to show that the owners of the property went to Kinkeade and discussed the matter with him and made an agreement whereby his rent was to be reduced in consideration of some of the alterations to be made, and thereafter reported to the officials of the drainage district to the effect that they had satisfactorily settled with Mr. Kinkeade. Thereafter, but after said suit had been filed by plaintiff herein, the district settled with the owners and the owners and the district thereafter went upon the property and each of them did and performed the things that were agreed upon in the agreement between them, all without any objection or complaint from Kinkeade in any respect or without any demand being made by him for compensation or without the matter being raised by him. After these things had happened Kinkeade sued the district for various items of damages alleged to have been suffered as a result of the invasion and alteration of his leasehold estate and rights. At the conclusion of the trial the court refused requested instructions of the drainage district on the issue of the estoppel and instead instructed the jury in part as follows:

"In this case the plaintiff has not

been paid for the damages, if any, suffered to his leasehold by reason of the construction of the drainage project by the defendant and neither is he estopped, under the law, from asserting in this action his right thereto."

Under the state of the record before us we think it was erroneous for the trial court to refuse to instruct the jury on the issue of estoppel and that the ruling of the court in withdrawing the issue of estoppel from the jury and instructing a verdict in favor of the plaintiff was erroneous. After reviewing all of the evidence it is our opinion that there was some evidence in the record from which the jury could have found, had it so desired, that Kinkeade's conduct had lulled the drainage district into a false sense of security, and that the drainage district has acted thereupon to its detriment by carrying out the terms of its contract with the owners, by reason of which Kinkeade ought not to be entitled to assert a cause of action against the district. It is proper to point out that Kinkeade did not deny the several meetings which the representatives of the drainage district and the owners and their agent had with him although he does deny having said anything to the owners that would justify their believing that he was settling all of his rights in connection with the matter upon the terms which they specified. He does admit the removal of a small house from the property and a consequent reduction of his rent therefor, although he says he does not know who removed the house nor why; and he does admit that another house on the property was relocated and re-established although by whom and why he does not know. Under all of the facts and circumstances in the record touching upon this issue, we are of the opinion that it was a proper matter to be submitted to the jury as embodying a defense which the drainage district was entitled to make to plaintiff's action.

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, and DAVISON, JJ., concur.